**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DAVID E. RUSSO, SB# 112023
   Email: David.Russo@lewisbrisbois.com
LYNN L. KRIEGER, SB# 209592
   Email: Lynn.Krieger@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Plaintiff, PAN OCEAN CO. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PAN OCEAN CO. LTD., <br><br>             Plaintiff, <br><br>       vs. <br><br> CLEARLAKE SHIPPING PTE LTD., <br><br>             Defendant. | CASE NO. <br><br> **PLAINTIFF PAN OCEAN CO. LTD.'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME WRIT OF ATTACHMENT AND GARNISHMENT AND MOTIONS FOR LEAVE TO SERVE LATER IDENTIFIED GARNISHEES AND DEEM SERVICE CONTINUOUS** <br><br> [Filed Under Rule 9(h) Fed. R. Civ. P.] <br><br> (Admiralty) |

Plaintiff Pan Ocean Co. Ltd. ("Pan Ocean") by its attorneys Lewis Brisbois Bisgaard & Smith LLP respectfully files its *Ex Parte* motion pursuant to Federal Rule of Civil Procedure Supplemental Admiralty Rule B ("Rule B") to obtain a maritime writ of attachment against certain property owned by defendant Clearlake Shipping Pte Ltd. ("Clearlake") which is coincidentally located within the Northern District of California and under the possession, custody and control of garnishee Chevron ("Chevron"). Pan Ocean also requests that service of the attachment be deemed continuous, and it seeks further leave to serve later-identified garnishees in this action, as necessary. Pan Ocean would respectfully show the Court as follows:

/ / /

/ / /

4827-2787-2105.1

## I. PRELIMINARY STATEMENT

Rule B codifies the traditional maritime attachment practice. This remedy is routinely issued *ex parte* in maritime cases such as the one *sub judice*. As will be explained below, the circumstances for issuance of that remedy are clearly present here.

The facts of this charter party dispute[1] are set out in the Verified Complaint and accompanying Rule B affidavit of David E. Russo, dated June 12, 2018, all of which are incorporated herein. To briefly summarize, Pan Ocean has alleged that Clearlake has breached a charter party and also a Letter of Indemnity in certain respects, both of which are classic maritime claims. In connection with this dispute, cargo receivers arrested Pan Ocean's vessel in Singapore and required Pan Ocean to post security to release its vessel in the amount of **US $5,652,052.71**. Pan Ocean subsequently commenced separate proceedings in the High Court of Singapore against Clearlake to enforce the letter of indemnity between it and Clearlake.

Clearlake is a foreign corporation, neither licensed nor authorized to do business in the State of California. Clearlake has no presence in and cannot be "found" in the Northern District of California within the meaning of Supplemental Rule B. However, Clearlake Shipping coincidentally has property located within the district of this Court in the form of freight payments, which upon information and belief are, or soon will be owed to it by garnishee Chevron (which itself is located at 6001 Bollinger Canyon Road, San Ramon, California 94583). Accordingly, Pan Ocean may use the Rule B procedural device to attach the Chevron freight payments at issue.

## II. ARGUMENT

### A. Pan Ocean is Entitled to the Rule B Attachment Remedy

Rule B permits a court to issue an order of maritime attachment and garnishment of a defendant's "tangible or intangible property" up to the amount sued for if a plaintiff satisfies the requirements of the rule by showing that: "(1) the plaintiff has a valid *prima facie* admiralty claim

---

[1] Simply stated, a charter party "is a specialized form of contract for the hire of an entire ship, specified by name." *See* Thomas J. Schoenbaum, Admiralty and Maritime Law, Pg. 676 (3d Ed., 2001).

against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law or bar to the attachment." See *Naftomar Shipping and Trading Co. v. KMA Int'l S.A.*, 2011 U.S. Dist. LEXIS 24723 at *4 (S.D. Tex. Mar. 10, 2011) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)); see also Supplemental Admiralty Rule B(1) generally. In the instant matter, Pan Ocean submits that the requirements of Rule B are met, and it respectfully asks the Court for an order issuing a writ of maritime attachment and garnishment of Clearlake's property presently located within this District, in particular the freight payments owed to Clearlake Shipping and held by Chevron.

### 1. Pan Ocean has a Prima Facie Maritime Claim Against Clearlake

Firstly, as set forth in the Verified Original Complaint in Intervention, Pan Ocean has a *prima facie* admiralty claim against Clearlake because Clearlake breached a time charter party agreement that it had entered into with Pan Ocean, which is a maritime contract. (*See* Verified Original Complaint).  There is no question that the breach of a charter party is a quintessential maritime claim. *See Budisukma Permai SDN BHD v. N.M.K. Prods.*, 606 F. Supp. 2d 391, 396 (S.D.N.Y. 2009) ("There is no serious dispute that the Charter Party is a maritime contract."); *see also CTI-Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F. 2d 377, 380, n. 4 (2d Cir. 1982); *Kirno Hill Corp. v. Holt*, 618 F.2d 982 (2d. Cir. 1980).

The Verified Original Complaint also alleges breach of a Letter of Indemnity ("LOI") given for discharge of cargo without presentation of an original bill of lading, which also is a maritime claim. *Great Eastern Shipping Co. v. Binani Cement Ltd.*, 655 F. Supp. 2d 395, 398 (S.D.N.Y. 2009) ("[i]n this case, the LOI was 'entered into in connection with [a] maritime commercial venture' and, thus, is a contract that is 'maritime in nature.'"); s*ee also d'Amico Dry, Ltd. v. Primera Mar. (Hellas), Ltd.*, No. 16-3125-cv, 2018 U.S. App. LEXIS 7902, at *16 (2d Cir. Mar. 29, 2018) ("principal objective" of the agreement was "maritime commerce"). Based upon the above, the first requirement for maritime attachment has been met.

/ / /

### 2. Clearlake is Not Present Within the Northern District of California

Secondly, Clearlake cannot be found within the Northern District of California for the purposes of Rule B. To prove up a Rule B attachment claim, the plaintiff must present evidence by way of affidavit that the Defendant is not found within the District. *See* Rule B(1)(b); *see also Sembawang Shipyard, Ltd. v Charger, Inc.*, 955 F2d 983, 987 (5th Cir. 1992); *Heidmar, Inc., v. Anomina Ravennate di Armamento S.p.A.*, 132 F. 3d 264, 267 (5th Cir. 1998)("[A] defendant cannot be found within the district for purposes of Rule B if it is not present in the district at the time the complaint is filed."). Such facts are demonstrated here by the Verified Original Complaint and the attendant Affidavit of David E. Russo attached thereto (**Exhibit "A"**), which state that after diligent investigation, Pan Ocean is informed and believes that Clearlake cannot presently be found within the Northern District of California.

### 3. Clearlake has Property Within the Northern District of California

Thirdly, Pan Ocean is informed and believes that Clearlake has, or will have during the pendency of this action, tangible property within the Northern District of California. On information and belief, Clearlake Shipping has entered into a separate voyage charter with Chevron for the transportation of certain cargoes from Brownsville, Texas to a foreign locale aboard the vessel MR PAT BROWN, which upon information and belief is currently on voyage to Chile where she will discharge cargo around June 15-20, 2018. In connection with this arrangement, Chevron, which is located within the Northern District of California at 6001 Bollinger Canyon Road, San Ramon, California 94583, has or will have during the pendency of this action, assets which are owed to Clearlake Shipping in the form of freight, property, effects, cash, funds, hire, credits and/or debts owed to it or in the hands of garnishees in this District, including but not limited to Chevron. This property is properly amenable to attachment and garnishment pursuant to Rule B. See *Iran Express Lines v. Sumatrop AG*, 563 F. 2d 648 (4th Cir. 1977) (Rule B maritime attachment action that was asserted by plaintiff against freight owed from garnishee to defendant was allowed once cargo was partially loaded aboard vessel because contract of affreightment deemed to be "executed"; the partial execution of the charter was sufficient to sustain the attachment even though the bills of lading had not yet been delivered and the debt was unmatured); see also *Florida Conf. Ass'n of Seventh-Day*

*Adventists v. Kyriakides*, 151 F. Supp. 2d 1223, 1227 (C.D. Ca. July 5, 2001) where in Court held that "Rule B unambiguously vests the court with the discretion to order a garnishee to pay a matured debt into the registry.").

### 4. No Statutory or General Maritime Law Bar Exists.

Finally, there is no statutory or general maritime law bar that prevents attachment.

## III. THE EXISTENCE OF A FOREIGN PROCEEDING DOES NOT VITIATE PLAINTIFF'S RIGHT TO A RULE B ATTACHMENT

Attachment to secure claims that are subject to foreign judicial proceedings is commonplace and available even after the litigation has been commenced. *See, e.g., Casper Marine Inc. v. Seatrans Shipping Corp.,* 969 F. Supp. 395 (E. D. La. 1997); *Liverpool & London S.S. Prot. & Indem. Ass'n v. Vapores*, No. 97-1837-CIV, 1997 U.S. Dist. LEXIS 24806, at *2 (S.D. Fla. Oct. 15, 1997); *Good Challenger Navagante S.A. v. Metalexportimport S.A.*, No. 06-CV-1847, 2006 U.S. Dist. LEXIS 97920, at *2 (S.D.N.Y. July 24, 2006).

Pan Ocean has commenced proceedings in Singapore against Clearlake Shipping which does not preclude its right to a Rule B attachment to obtain security for its potential award.[2] The Singapore proceedings against Clearlake are expected to take up to three years to resolve. As best as can be estimated, the costs in such a case are expected to be US$500,000 over 3 years. Interest calculation in Singapore is at the rate of 5.33% per annum, being their statutory default rate.

Pan Ocean would also be entitled to the costs/fees incurred by it in defending the Singapore arrest proceedings, which are expected to take one year to resolve and incur costs of US$100,000. Ultimately, the existence of this Singaporean action does not vitiate Pan Ocean's right to a Rule B attachment here.

/ / /

/ / /

---

[2] Security may properly encompass interest, attorney's fees and costs when a party agrees to a forum where such items are recoverable. *See Dongbu Express Co. Ltd. v. Navios Corp.*, 944 F. Supp. 235 (S.D.N.Y. 1996); *Proton Shipping, Inc. v. Sovarex S.A.*, 05 Civ. 10295 (PAC), 2006 U.S. Dist. LEXIS 2389 (S.D.N.Y. Jan. 23, 2006).

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

## IV. SERVICE SHOULD BE DEEMED CONTINUOUS

To avoid the need to repetitively serve any garnishees, Pan Ocean respectfully seeks further leave of Court, as set out in the accompanying *Ex Parte* Order for Process of Maritime Attachment, for any process that is served on a garnishee (such as Chevron) to be deemed effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, and to authorize subsequent service of process via facsimile or email following initial *in personam* service.

## V. LEAVE SHOULD BE GRANTED TO LATER SERVE IDENTIFIED GARNISHEES

Clearlake also respectfully moves the Court for an Order granting it leave to serve any additional garnishee(s) who, upon information and belief, may obtain during the course of this litigation, are holding, or are believed to be holding, property of Clearlake within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

## VI. LEAVE SHOULD BE GRANTED TO ALLOW PLAINTIFF'S COUNSEL TO APPOINT A PRIVATE PROCESS SERVER TO SAVE JUDICIAL RESOURCES

Undersigned counsel anticipates that the U.S. Marshal's Service lacks sufficient staff to effect service of Process of Maritime Attachment and Garnishment promptly or economically. Undersigned counsel respectfully requests that the Court appoint any person selected by Lewis Brisbois Bisgaard & Smith LLP who is over 18 years of age and is not a party to this action, to serve Process of Maritime Attachment and Garnishment and supplemental process on the garnishee named in Schedule A to the Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Service, or upon any other or additional garnishees as may be named in any supplemental Process of Maritime Attachment and Garnishment.

/ / /

/ / /

/ / /

/ / /

# PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray this Honorable Court enter an Order:

a) authorizing the Issuance of Process of Maritime Attachment and Garnishment directing the United States Marshal for the Northern District of California, or anyone otherwise specially appointed by the Court, to attach the property, goods, chattels, credits and/or effects of Clearlake located within the District, including any freight that is within this District;

b) authorizing Pan Ocean to release or instruct the Marshal to release any property subject to attachment without further leave of Court;

c) granting Pan Ocean leave to serve any additional garnishee(s) who, upon information and belief, may obtain during the course of this litigation, are holding, or are believed to be holding, property of Clearlake within this District;

d) deeming any process served on a garnishee to be effective and continuous service of process throughout any given day on which process is served through the next day, provided that process is served the next day, and authorizing service of process via facsimile or email following initial in personam service;

e) authorizing undersigned counsel to appoint a private process server over 18 years of age who is not a party to this action to serve Process of Maritime Attachment and Garnishment and supplemental process on the garnishee named in Schedule A to the Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment and Appointing Process Service, or upon any other or additional garnishees as may be named in any supplemental Process of Maritime Attachment and Garnishment; and

f) granting Pan Ocean such other and further relief as may be just, equitable, and proper.

DATED: June 13, 2018                     LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ David E. Russo*
David E. Russo
Lynn L. Krieger
Attorneys for Plaintiff, PAN OCEAN CO. LTD.