**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DAVID E. RUSSO, SB# 112023
   Email: David.Russo@lewisbrisbois.com
LYNN L. KRIEGER, SB# 209592
   Email: Lynn.Krieger@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Plaintiff, PAN OCEAN CO. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PAN OCEAN CO. LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>CLEARLAKE SHIPPING PTE LTD.,<br><br>    Defendant. | CASE NO.<br><br>**ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING PROCESS SERVER**<br><br>[Filed Under Rule 9(h) Fed. R. Civ. P.]<br><br>(Admiralty) |

      On June 13, 2018, Plaintiff PAN OCEAN CO. LTD. (hereinafter "Pan Ocean"), filed a Verified Complaint in the captioned action against Clearlake Shipping Pte Ltd. ("Defendant") seeking damages of **US $7,251,755.93**, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

      The Court has reviewed the Verified Complaint and the Supporting Affidavit of David E Russo, dated June 13, 2018, and finds that the conditions of Supplemental Admiralty Rule B appear to exist.  The Affidavit of David E. Russo has demonstrated to the Court's satisfaction that the Defendant has, or will have during the pendency of this action, assets in this jurisdiction consisting of freight, cash, funds, hire, and/or credits in the hands of garnishees in this District.

/ / /



4821-3228-1449.1

**ACCORDINGLY, IT IS HEREBY**

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for Defendant by any garnishee identified in Schedule A to this Order, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in an amount of up to **US $7,251,755.93**, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED**, that any person at least 18 years of age and not a party to this action, employed with or appointed by the law firm of Lewis Brisbois be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order and on such additional garnishees as so permitted herein; and, it is further,

**ORDERED**, that supplemental process specifying other or additional garnishees and enforcing the Court's Order may not be issued by the Clerk without further Order of the Court; and, it is further,

**ORDERED**, that initial service by the United States Marshal or other designated process server shall be made personally upon such garnishee; and, it is further,

**ORDERED**, that at the request of the garnishee, plaintiff is required to pay a reasonable fee for processing this attachment, as determined by each garnishee; and, it is further,

**ORDERED**, that a copy of this Order be attached to and served with the initial service of the Process of Maritime Attachment and Garnishment upon each garnishee; and, it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), any garnishee may consent to deem service to be effective and continuous for any period of time not to exceed 60 days from the date of this order.  Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and, it is further,

1    **ORDERED**, that following initial service as described above, if any supplemental service of
2 the Process of Maritime Attachment and Garnishment is required, it shall be made personally, unless
3 the garnishee consents to service by way of electronic transmission (e-mail) or facsimile transmission
4 to a fax number designated by the garnishee for that purpose.  Supplemental service can also be made
5 by e-mail or other means if consented to by the garnishee pursuant to Fed. R. Civ. P. 5(b)(2)(E) and/or
6 (F).  Such consent may be manifested in the garnishee's rules, policies or other instructions regarding
7 service; and, it is further,

8    **ORDERED**, that any garnishee served with this Order, upon determining that it is in
9 possession of any property which may be subject to this Order, shall, as soon thereafter as is
10 practicable, advise the plaintiff of such details about the attachment as are reasonably available to it;
11 and, it is further,

12    **ORDERED**, that in the event plaintiff restrains any assets pursuant to the Attachment Order,
13 within five (5) days of this having occurred plaintiff shall inform the Court in writing that it has
14 restrained assets and within thirty (30) days of this having occurred shall inform the Court in writing
15 whether it has arranged with defendant and/or any third parties to establish a separate escrow account
16 in which to transfer funds in the amount of the attached assets, or obtain mutually acceptable
17 substitute security in the amount of such assets, or pay such funds into the Registry of the Court.  If
18 the parties are able to agree to an arrangement, then this case will be dismissed without prejudice, and,
19 upon request by plaintiff, the case will be reopened for the purposes of any necessary proceedings to
20 enforce any judgment or arbitration award rendered in connection with a resolution of the merits of
21 the dispute that is the subject of this action; and, it is further,

22    **ORDERED**, that this Order shall automatically expire 90 days from the date of its issuance if
23 no assets or other property has been restrained pursuant to this Order, unless the plaintiff shows good
24 cause for an extension of this Order for an additional 60 days.  Further 60-day extensions may be
25 granted in the discretion of the Court, but only upon a showing by plaintiff of extraordinary
26 circumstances.  All applications for extensions shall be made by letter to the Court; and, it is further,

27    **ORDERED**, that this attachment shall automatically expire 45 days after the date of this Order
28 unless plaintiff confirms by letter that it has commenced arbitration or other adversarial proceedings

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  on the merits of the claims underlying the attachment. Plaintiff may request by letter an extension of
2  the Order for an additional 45 days if it shows good cause why it has not commenced arbitration or
3  other adversarial proceedings. In no event with the Order extend beyond 90 days where no arbitration
4  or other adversarial proceeding has been commenced; and, it is further,

5  **ORDERED**, that upon expiration or vacatur of this Order by reason of the two preceding
6  paragraphs, this Action may be dismissed without prejudice, without costs, and without further notice
7  to any party. The plaintiff is directed to submit a letter to the Court informing it of the automatic
8  expiration of the Order.

9  **SO ORDERED**

10  Dated:
11  _____
    UNITED STATES DISTRICT COURT JUDGE

**SCHEDULE A**

Garnishee(s):

    1.    Chevron
           6001 Bollinger Canyon Road
           San Ramon, California 94583



4821-3228-1449.1

4

ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND APPOINTING PROCESS SERVER