**United States District Court**
For the Northern District of California

1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10                                                         No. C 18-03513 WHA

PAN OCEAN CO. LTD.,

11                  Plaintiff,

12        v.                                               **ORDER DENYING MOTION
                                                           FOR WRIT OF ATTACHMENT
13    CLEARLAKE SHIPPING PTE LTD.,                         AND GARNISHMENT**

14                  Defendant.

15    _____/

16

17           On June 13, plaintiff Pan Ocean Co. Ltd. filed a verified complaint against defendant

18    Clearlake Shipping Pte Ltd.  The complaint asserted claims for breach of contract, for the

19    recovery of costs incurred in an ongoing proceeding in the Singaporean High Court, and for

20    relief under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of

21    the Federal Rules of Civil Procedure.  That same day, plaintiff moved *ex parte* for an order

22    authorizing a writ of attachment and garnishment against garnishee Chevron's property (Dkt.

23    Nos. 1–3).

24           On June 14, the action was reassigned to the undersigned judge.  Upon review of

25    plaintiff's papers that same morning, the Court inquired with the Clerk's office as to whether

26    plaintiff's counsel was in the courthouse and available for an *ex parte* hearing, as is the Court's

27    usual practice for resolving questions concerning such *ex parte* requests.  The Clerk reported

28    that counsel was not present.  The failure of counsel to standby for such a hearing meant that the

usual opportunity to address the Court's concerns was lost.

**United States District Court**
For the Northern District of California

Plaintiff's *ex parte* motion is **DENIED**.  Several problems exist.  *First*, the record reveals that plaintiff has already commenced proceedings against defendant in the High Court of Singapore.  But there is no indication as to whether plaintiff sought to have defendant post security in that court.  For all the papers indicate, plaintiff applied for such relief and it was denied for good reason.  The High Court of Singapore is in the best position to determine whether sufficient merit exists for the posting of security.

*Second*, the Court desires argument from defendant and the garnishee, Chevron, before ruling on plaintiff's motion.  In the undersigned judge's 19 years of experience, *ex parte* proceedings in maritime actions are often abused and only half-truths are told.  Accordingly, fairness requires that the Court further understand the case, and the defendant and garnishee's positions, before issuing a writ.  The papers fail to explain why it would be imprudent to hear both sides before ruling against a party.

*Third*, the application does not justify authorizing anyone other than the United States Marshal's Service to attach any property.  Moreover, any attached property would go into the Court's registry, not into plaintiff's pocket.

This denial is without prejudice to plaintiff bringing a new motion for a writ of attachment and garnishment.  Any new motion, however, should include specific responses to the above-explained concerns.  The undersigned judge also requests that the High Court of Singapore advise, via counsel, whether the merits of plaintiff's claims warrant the relief sought.  For all the record shows, defendant will be good for any judgment obtained against it in Singapore.  If not, the Court is confident that sufficient garnishees will arise from time to time in the Northern District of California to satisfy any future judgment obtained, at least to the same extent Chevron would be able to.

**IT IS SO ORDERED.**

Dated: June 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE